STEVENSON *v.* BOND, tax-commissioner.

No. 9285. MAY 12, 1933.

*Watkins, Asbill & Watkins,* for plaintiff.

*James C. Davis, Branch & Howard,* and *Bond Almand,* for defendants.

BECK, P. J. H. W. Stevenson brought petition for mandamus against W. H. Bond, as tax-commissioner and ex-officio sheriff of DeKalb County, and alleged that the duty of the tax-commissioner is to place all unreturned property in the county on the tax books and to collect the legal taxes due on the same. Petitioner was employed under a contract entered into on March 16, 1932, under the provisions of the Political Code, § 1116(j), between himself and the board of tax-assessors of DeKalb County, which contract authorized petitioner "to seek out unreturned property in the county and bring the same to the attention of the board for taxation, the property referred to being such as was not returned during 1931 or previous years. In this contract the board of tax-assessors agreed that "the compensation to be paid to the party of the second part [the petitioner] shall be 10% of the amount of the tax arising to the county from the unreturned property so discovered and placed on the tax books of the county by the efforts of said agent. The commission of 10% shall be paid to the said party of the second part when the county collects said tax." To the petition is attached, as Exhibit A, "a detailed list of unreturned property in DeKalb County which petitioner has discovered and brought to the attention of said board and the defendant, under the terms of the contract above mentioned, and said exhibit shows the names of the taxpayers, the amount of unreturned property, for what years unreturned, and the amount of tax due DeKalb County." The list of unreturned property is acceptable to the board of tax-assessors; but defendant refuses to issue the statutory notice demanding that the delinquent taxpayers make a return, to take steps to place the properties on the tax books of the county, or to collect the legal taxes due on the unreturned property, and defendant alone has the authority to cause the unreturned property to be placed on the tax books of the county at the proper valuation and to collect the taxes due on same. Petitioner contends that under the contract between himself and the board he has the right to have said unreturned property placed on the tax books of the county, the proper amount of taxes to be collected thereon, and thereafter be paid 10% of the taxes thus collected; that the non-action of defendant in this respect

amounts to a failure on his part to faithfully fulfill his offical duty, "and is a gross abuse of any discretion to act;" that his failure results in a defect of legal justice to petitioner, in that such nonaction deprives petitioner of the value of his contract and entitles him to a writ of mandamus under the Code, § 5440; that there is no other specific remedy whereby he may procure his legal right, because the contract between him and the board of tax-assessors provides that the compensation due him shall be paid only when the county collects the taxes on the unreturned property; and unless defendant is compelled to desist from failing to carry out the duties of his office by taking the proper steps to place the said unreturned property on the tax books and collect the taxes due thereon, there is no means by which petitioner may collect the compensation due him for services performed under the contract. He prays that the court issue mandamus nisi, requiring the defendant to show cause why he should not be required to take the proper steps to place the unreturned property on the tax books, and collect the legal taxes due thereon, and that the mandamus be made absolute; that he be required to issue the statutory notice to the parties shown in Exhibit A, demanding that they make a return of the property for the missing years, etc.; and that the property listed be assessed and made to yield the taxes due thereon. The defendant filed general and special demurrers. The court sustained the general demurrer and dismissed the petition.

We are of the opinion that the court did not err in sustaining the demurrer and in dismissing the petition. The duties alleged to be incumbent upon the tax-commissioner, under the facts set forth in this petition, involve the discretion of the officer referred to, and the compulsory processes of the court will not be employed to compel a public officer to perform an act concerning the performance of which he is vested with a discretion. *Richmond County* v. *Steed,* 150 *Ga.* 229, 232 (103 S. E. 253). Exhibit A, referred to above, is in part as follows:

| | Valuation | Tax & Int. due DeKalb Co. |
|---|---|---|
| Virginia-Carolina Chemical. Co. (7 years) | $785,366.00 | $22,451.64 |
| Atlantic Ice & Coal Co. (7 years) | 295,500.00 | 7,948.03 |
| Atlanta Journal Publishing Company (2 years) | 197,500.00 | 4,804.69 |
| E. T. Allen & Co. (4 years) | 20,317.00 | 571.49 |

There are other names on this list, but it is unnecessary to set them forth, as their properties and the valuations are stated in the same way. There is no attempt even to state in the most general way whether the property was personal property or real estate, or, if it was personal property, whether it consisted of stocks and bonds or cash on hand, or whether it was other kinds of personal property. There are four pages following the sheet marked Exhibit A, which are not marked as exhibits, but which, if considered as part of exhibit A, do not cure the defects. Certainly there should be a description of the property in order that the defendant could, in entering the same upon the tax books, have some idea of its valuation. The plaintiff relies upon the provisions of the Civil Code, §§ 1116(1) and 1116(4), relating to undervaluation of property, or failure to return, and to notice and assessment by receivers. The receiver in this case could not give the notice required by the last-named section without being informed as to the character of the property which was unreturned—whether real or personal; if the former, where it was located; if the latter, of what character it was. And consequently the court did not err in refusing a mandamus ordering the tax-commissioner to perform duties which are neither clearly defined nor indicated in this petition. In view of the affirmance of the judgment dismissing the petition, it is unnecessary to pass upon the assignment of error upon the order of the court allowing the intervention of the Atlantic Ice & Coal Corporation.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*